152 So. 68

## WILLIAMS v. D'ASARO et al.

### No. 31935.

Nov. 27, 1933.

Rehearing Denied Jan. 2, 1934.

J. A. Morales, of New Orleans, for appellant D'Asaro.

H. W. & H. M. Robinson, of New Orleans, for appellee McGill.

Howard W. Lenfant, of New Orleans, for plaintiff-appellee.

BRUNOT, Justice.

This is a suit for a judgment, in solido, against Steve D'Asaro and Patrick McGill for $2,597.50, with legal interest thereon from judicial demand, and for costs. The suit is for damages claimed for the illegal seizure of property owned by, or then in the custody of, Henry Williams.

The items of damage listed in paragraph 19 of the petition are as follows: Clothing lost, $44.75; clothing not returned, $80; cost of moving piano, $12; repairs to piano, $25; loss of use of piano, $507; loss on business for twelve weeks, $420; permanent loss of trade, $1,500; money due by patrons but collected by D'Asaro, $8.75; total, $2,597.50.

D'Asaro excepted to the petition on the ground of vagueness. Both defendants excepted to the petition as not disclosing a right or cause of action, and D'Asaro filed a plea of prescription. All of the exceptions and the plea of prescription were heard and overruled. Both defendants filed answers in which they joined issue on all the material allegations of the petition. The case was tried and judgment was rendered in favor of the plaintiff and against Steve D'Asaro for $350, with legal interest thereon from judicial demand, and for the costs of the suit, and rejecting the plaintiff's demand, as to Patrick McGill, at plaintiff's cost. From this

judgment, Steve D'Asaro appealed suspensively.

The plaintiff has answered the appeal, and prays that the judgment be amended by increasing the amount thereof to $2,597.50; and, as thus amended, that it be affirmed.

The facts disclosed by the record are that Henry Williams was eking out an existence as operator of a negro pressing shop. All of the property in the shop, except an old piano, one suit of clothes, three coats, and one pair of pants, listed and valued in paragraph 8 of plaintiff's petition, belonged to a woman by the name of Josephine Kelly. D'Asaro had the contents of the premises provisionally seized. Josephine Kelly intervened in that proceeding. The trial resulted in the dismissal of the seizure and in a judgment decreeing Josephine Kelly to be the owner of all the household and kitchen furniture, suitcases, pictures, carpet strips, etc., that had been seized, and ordering that she be placed in possession of said property.

It appears that the seizure caused the plaintiff some inconvenience for a few weeks and a loss of trade during that time. We have no way of determining what items of damage the trial judge had in mind in making up his award of $350. There is testimony that the plaintiff's piano was a small, very old, second-hand piano, worth about $25, and that the clothing itemized in paragraph 12 of the plaintiff's petition belonged to his patrons, who secured the return of their clothing by paying to D'Asaro the charges due thereon, amounting to a total of $8.75.

From all of the facts disclosed, our conclusion is that an award of $350 is a reasonable allowance for the damage suffered by the plaintiff as a result of the seizure. The judgment is therefore affirmed, at appellant's cost.